UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62573-CIV-COHN/SELTZER

GOSNEL WAUGH,

     Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

     Defendant.

_____/

### ORDER DISMISSING CASE FOR FAILURE TO EFFECT TIMELY SERVICE

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Extension of Time Regarding Service [DE 8] ("Motion").  The Court has carefully reviewed the Motion and the record in this case and is otherwise fully advised in the premises.

On April 2, 2014, the Court issued an Order to Show Cause for Failure to Comply with Fed. R. Civ. P. 4(m) [DE 7] ("Order").  The Order noted that Plaintiff had filed his Complaint and Amended Complaint on November 26, 2013, and that the Clerk had issued a Summons for Defendant the same day.  See DE 7 at 1.  But the record did not show that Plaintiff had served Defendant with process or that Defendant had waived service.  See id.  Because Plaintiff must serve Defendant within 120 days after filing the Complaint, see Fed. R. Civ. P. 4(m), the Court ordered Plaintiff to show cause "why he has not timely served Defendant."  DE 7 at 1.

Apparently in response to the Order, Plaintiff filed his present Motion.  See DE 8. Plaintiff requests an unspecified amount of additional time to serve Defendant, claiming that this time "will be sufficient for me to complete [the service] process."  Id. at 1.  Yet

Plaintiff fails to explain what efforts, if any, he made to serve Defendant within the normal 120-day time limit.  And Plaintiff offers no reason why he could not complete service during this period.

For these reasons, Plaintiff has not shown good cause for the untimely service. See Fed. R. Civ. P. 4(m); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." (alteration & internal quotation marks omitted)).  Rather than some factor outside Plaintiff's control, the untimely service here was apparently caused by a simple lack of diligence on the part of Plaintiff.  See Fed. R. Civ. P. 4(c)(1) (explaining that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)").  Nor do any other factors warrant a discretionary extension of the time for service.  See Lepone-Dempsey, 476 F.3d at 1281-82.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Extension of Time Regarding Service [DE 8] is **DENIED**;

2. Pursuant to Federal Rule of Civil Procedure 4(m), the above-styled action is **DISMISSED WITHOUT PREJUDICE** for failure to effect timely service of process; and

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of April, 2014.

_____
JAMES I. COHN
United States District Judge

2

Copies provided to:

Gosnel Waugh, *pro se*
1121 S. Military Trail
Apt. 233
Deerfield Beach, FL  33442